USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| ABIGAIL STRUBEL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>- against -<br><br>TALBOTS CLASSICS NATIONAL BANK and THE TALBOTS, INC.,<br><br>Defendants. | 13-CV-1106(PAE) |

**Settlement Order and Final Judgment**

On May 21, 2014, the Court held a fairness fearing at which, for the reasons stated on the record, it approved the proposed Settlement as fair and reasonable. This order incorporates those reasons by reference.

The Court hereby enters this Settlement Order and Final Judgment (the "Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Plaintiff Settlement Class described below with respect to the alleged failure to properly make certain required disclosures in connection with Talbots Credit Card Accounts. It is therefore:

ORDERED, ADJUDGED AND DECREED that:

1. The definitions and provisions of the Settlement Agreement and the Notice of Proposed Class Action Settlement are incorporated as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all members of the Plaintiff Settlement Class.

3.  The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Plaintiff Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations.

4.  Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the "Plaintiff Settlement Class," which is defined as follows:

> The "Plaintiff Settlement Class" consists of all persons who both opened a Talbots Credit Card Account and first used said Talbots Credit Card Account during the Class Period, excluding Strubel; any judge presiding over the Action; or any person who served as an officer or director of Talbots or Comenity during the Class Period.
>
> "Class Period" means the period from June 18, 2012 through and including February 25, 2013.

5.  This Final Judgment does not constitute an expression by the Court of any opinion, position, or determination as to the merit or lack of merit of any of the claims or defenses of the Plaintiff Settlement Class, the Representative Plaintiff, or Defendants. Neither this Final Judgment nor the Settlement Agreement is an admission or indication by Defendants, the Released Parties or any person of the validity of any claims in this action or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants, the Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Settlement Agreement nor any related documents in this proceeding nor any reports or accounts thereof shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this

Final Judgment, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel.

6. Plaintiff Strubel and those members of the Plaintiff Settlement Class who have not timely excluded themselves shall be deemed to have released and discharged Defendants and Comenity, and each of their respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, predecessors-in-interest, assigns, servicers and/or any financial institutions, corporations, trusts or other entities that may hold or have held any interest in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of Talbots or Comenity or the servicing of any account or any receivable, and all of the aforementioneds' respective officers, directors, employees, agents, attorneys, vendors and assigns, from any and all liability with respect to the Released Claims, as defined in Paragraphs 5.01-5.03 of the Settlement Agreement.

7. Exhibit A, attached hereto, sets forth those class members who have excluded themselves from the Plaintiff Settlement Class.

8. The form and manner of notice provided to the Plaintiff Settlement Class, including the Notice of Proposed Class Action Settlement (the "Notice"), which set forth the principal terms of the Settlement Agreement and other matters, were the best practicable notice under the circumstances. The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice, and the Notice satisfied the requirements of Civil Rule 23 and the requirements of constitutional due process.

9. Based on the foregoing, Plaintiff's action is dismissed with prejudice. Without affecting the finality of this Final Judgment in any way, the Court retains continuing jurisdiction over (a) implementation of the Settlement Agreement and distribution of the settlement payments contemplated by the Settlement Agreement, until each and every act agreed to be performed under the Settlement Agreement has been performed and (b) all parties to this action and members of the Plaintiff Settlement Class for the purpose of enforcing and administering the Settlement Agreement.

10. The Court hereby awards $5,000 to plaintiff Strubel as an incentive fee in compensation for the time, effort, and risk she undertook as representative of the Plaintiff Settlement Class and in settlement of any individual claims she may have against the above-captioned Defendants arising from or relating to the transactions that are the subject of this Settlement.

11. The Court hereby awards to Class Counsel fees and costs of $200,000.

12. Defendants shall pay or cause to be paid the awards to Class Counsel and the Representative Plaintiff, as well as amounts due to Eligible Plaintiffs, in accordance with and at the time prescribed by the Settlement Agreement.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED**

*Paul A. Engelmayer*
Honorable Paul A. Engelmayer
United States District Judge

Dated: May 21, 2014
 New York, New York

4

# EXHIBIT A

| Last Name | First Name |
|---|---|
| ALLEN | PAT |
| BARTRAM | CATHERINE |
| BEASLEY | SUSAN |
| BILLINGHAM | JOAN |
| BOGDEN | BARBARA |
| BRINGAZE | JOAN |
| BURESH | CATHERINE |
| BYERS | JUDITH |
| CLEMENS | MARY |
| COMESKEY | MONICA |
| COWAN | ANDREA |
| DUPUIS | VIRGINIA |
| DURHAM | TONI |
| GELARIE | OREON |
| GILLILAND | CONNIE |
| HARVEY | VICKY |
| HENNINGS | JANET |
| HOOVER | JOAN |
| HOWELL | BARBARA |
| JESSKE | LADONNA |
| KRAMER | DONNA |
| LAMB | SHIRLEY |
| MCGEHEE | JAMIE |
| MRAZIK | LAURA |
| MURPHY | ELIZABETH |
| NEWSWANGER | ELVA |
| NOREEN | RUTH |
| PAPPAS | MARGARET |
| PLAGEMAN | ANNE-MARIE |
| REED | JOANN |
| RITCHIE | PATRICIA |
| ROYAL | S DIANE |
| STEPHENS | HELEN |
| TAYLOR | LYDIA |
| TOSTI | JOAN |
| TREADWELL | JOANN |
| VANHOUTEN | AGNES |
| VERGHESE | SOSAMMA |
| WILLIS | LISA |